# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARENTEC, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) C.A. No. |
| v. | ) ) ) **JURY TRIAL DEMANDED** |
| GRIDCO, INC., a Delaware corporation, and DOES 1–10, inclusive, | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Varentec, Inc. ("Varentec") complains and alleges as follows against Defendant GridCo, Inc. ("GridCo").

## THE PARTIES

1. Plaintiff Varentec is a Delaware corporation, having a principal place of business at 3200 Patrick Henry Drive, Santa Clara, California 95054.

2. On information and belief, Defendant GridCo is a Delaware corporation, having a principal place of business at 10-L Commerce Way, Woburn, Massachusetts 01801.

3. The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them ("the DOE Defendants"), are unknown to Varentec at this time, who therefore sues the DOE Defendants by such fictitious names. When the true names and capacities or participation of the DOE Defendants are ascertained, Varentec will amend this complaint to assert the true names, identities and capacities. Varentec is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable

to Varentec in some manner for the events and happenings alleged in this complaint.  Varentec is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

## NATURE OF THE ACTION

4.      This is a civil action against Defendants for infringement of United States Patent Numbers: 9,293,922 ("the '922 Patent") and 9,014,867 ("the '867 Patent," together with the '922 Patent, "the Asserted Patents") arising under the patent laws of the United States, Title 35 of the United States Code.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) and (b) (any Act of Congress relating to patents), and 35 U.S.C. § 101, et seq.

6.      This Court has specific and general personal jurisdiction over Defendants pursuant to due process and/or the Delaware Long Arm Statute because both Plaintiff and Defendant are organized and incorporated under the laws of Delaware, and as Delaware entities this Court holds personal jurisdiction over the parties.

7.      Venue is proper within this judicial district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint arose in this judicial district.  Furthermore, both Plaintiff and Defendant are organized and incorporated under the laws of Delaware, and as Delaware entities venue is proper in this district.

**BACKGROUND FACTS**

8. Plaintiff Varentec is a Santa Clara-based company that provides products and solutions that achieve smarter power delivery for its customers. These products and solutions focus on "Grid Edge" power optimization and management. Varentec's patented products show an improved operation when there is distributed generation of power at the grid edge, and when there is no distributed generation of power. "Grid Edge" refers to the distribution end of the electrical grid – e.g., where consumers are located. Historically, energy distribution systems have been centrally managed, with power generated at central facilities (e.g., a power plant) and distributed via a power grid to points of use (e.g., a house, factory or other electricity user). The electrical grid, however, is now undergoing a rapid transition from centralized power generation to smaller distributed power generators that are closer to the consumer. Examples of distributed power generators include renewable energy sources such as solar and wind. Because of the rapid growth of distributed power generation, new technology is necessary to efficiently manage power generated at the "Grid Edge." Varentec's patented technology fills this space. Varentec's products may deploy on the secondary (i.e., edge side) of distribution transformers to improve management of the power grid. Varentec's products also improve management of the power grid when there is no distributed generation of power.

9. Varentec is an innovator in the field of power optimization and management accessories and holds multiple patents. Varentec owns by assignment the entire right, title and interest in the '922 Patent and the '867 Patent. Attached as **Exhibit A** is a copy of the '922 Patent. Attached as **Exhibit B** is a copy of the '867 Patent.

10. On information and belief, Defendant GridCo provides products and services focused on power system management. On information and belief, GridCo's products are on sale throughout the United States, including in the State of Delaware.

11. Claim 1 from the '922 Patent is exemplary and reads as follows:

A system comprising:

a distribution power network;

a plurality of loads at an edge of the distribution power network, each load configured to receive power from the distribution power network; and

a plurality of shunt-connected, switch-controlled Volt-Ampere Reactive ("VAR") sources, wherein each VAR source is located at or near the edge of the distribution power network, is configured to non-continuously monitor and detect a proximate voltage at or near the edge of the distribution power network, and comprises a processor and a VAR compensation component, the processor configured to enable the VAR source to determine, after a delay, whether to enable the VAR compensation component based on the proximate voltage and adjust network volt-ampere reactive by controlling a switch to enable the VAR compensation component based on the determination;

wherein the delay associated with each VAR source extends for a predetermined length of time that is not equal to the delay associated with any other of the plurality of VAR sources.

12.     GridCo advertises that its SVC-20 products integrate at the edge of a power grid and operate as a resilient power distribution network.  Specifically, GridCo advertises that its SVC-20 products are shunt-connected and switch-controlled Voltage-Ampere Reactive ("VAR") modules that deploy on the secondary (i.e., edge side) of distribution transformers to monitor, for large secondary voltage drops, and actively inject reactive power to compensate for the secondary voltage drops.

13.     On information and belief, GridCo's SVC-20 products are described in a GridCo technical paper, entitled "Stability of Distributed, Asynchronous VAR-based Closed-loop Voltage Control Systems," which states that GridCo's shunt-connected, switch-controlled VAR sources are configured to non-continuously monitor and detect a proximate voltage at or near the edge of the distribution power network and include a processor configured to determine, after a delay, whether to enable the VAR modules based on the proximate voltage.  On information and belief, SVC-20 products integrated at different locations on the power grid use different delays before determining whether to enable their respective VAR modules.

14.     Thus, Plaintiff is informed and believes that GridCo's SVC-20 product, and systems incorporating the SVC-20 product, infringe at least claim 1 from the '922 Patent.  On information and belief, GridCo has made, used, imported into, sold, or offered for sale in the United States products which infringe the '922 Patent.  These acts of infringement are done without authority from Varentec.

15.     Claim 1 from the '867 Patent is exemplary and reads as follows:

A system comprising:

a distribution power network;

a plurality of loads at an edge of the distribution power network, each of the plurality of loads configured to receive power from the distribution power network; and

a plurality of shunt-connected, switch-controlled Volt-Ampere Reactive ("VAR") sources at the edge of the distribution power network, each of the plurality of shunt-connected, switch-controlled VAR sources configured to detect a proximate voltage at the edge of the distribution power network, each of the plurality of shunt-connected, switch-controlled VAR sources comprising a processor and a VAR compensation component, the processor configured to:

> enable the corresponding shunt-connected, switch-controlled VAR source to non-continuously monitor the proximate voltage by waiting for a delay and then evaluating the proximate voltage to determine, after the delay, whether to enable the corresponding VAR compensation component based on the proximate voltage; and
>
> adjust network VAR by controlling a switch to enable the corresponding VAR compensation component based on the determination;
>
> wherein the delay extends for a predetermined length of time;
>
> wherein the delay of each of the plurality of shunt-connected, switch-controlled VAR sources is not equal.

16. In addition to the functionality discussed above with respect to the '922 Patent, based upon the GridCo technical paper, entitled "Stability of Distributed, Asynchronous VAR-based Closed-loop Voltage Control Systems," Plaintiff is informed and believes that GridCo SVC-20 products monitor proximate voltage at or near the edge of the power grid proximate to the location at which the SVC-20 product is deployed.  On information and belief, GridCo's SVC-20 products are configured to initiate a delay based on the comparison of the measured proximate voltage as compared to a set point value, and to determine after the delay whether to connect the VAR module based on the monitored voltage.  Plaintiff is further informed and believes that GridCo SVC-20 products are configured to determine, after a delay that extends for a predetermined length of time, whether to enable a VAR module based on the proximate voltage.  On information and belief, SVC-20 products integrated at different locations on the power grid use different delays before determining whether to enable their respective VAR modules.

17. Thus, Plaintiff is informed and believes that GridCo's SVC-20 product, and systems incorporating the SVC-20 product, infringe at least claim 1 from the '867 Patent.  On information and belief, GridCo has made, used, imported into, sold, or offered for sale in the United States products which infringe the '867 Patent.  These acts of infringement are done without authority from Varentec.

18. Prior to the infringing conduct described in this Complaint, GridCo's CTO gave a presentation that expressly mentioned Varentec's patented technology and at least one GridCo employee attended a Varentec webinar where the patented technology was discussed and where it was mentioned that the technology was covered by issued and pending patents.  Accordingly, on information and belief, GridCo has been aware of Varentec's patents and products since

before the filing of this Complaint, and nevertheless chose to willfully infringe Varentec's patents.

## FIRST CAUSE OF ACTION

### Infringement of Patent 9,293,922

19. Varentec incorporates and realleges Paragraphs 1 through 18 of this Complaint.

20. Varentec owns by assignment the entire right, title, and interest in the '922 Patent (attached hereto as **Exhibit A**) and is entitled to sue for past, current and future infringement.

21. Under 35 U.S.C. § 271(a), GridCo has infringed and continues to infringe, literally or under the doctrine of equivalents, the '922 Patent by without authority making, using, offering to sell or selling within the United States, or importing into the United States, during the term of the '922 Patent the SVC-20 products identified in this Complaint, which are covered by the claims of the '922 Patent.

22. Under 35 U.S.C. § 271(b), GridCo has actively induced, and is actively inducing, infringement of the '922 Patent by promoting, offering and selling the SVC-20 products that GridCo knows, when used, will infringe the '922 Patent.

23. Under 35 U.S.C. § 271(c), GridCo has contributed to, and is contributing to, infringement of the '922 Patent by offering to sell or selling within the United States, or importing into the United States, the SVC-20 products constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '922 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

24. GridCo received actual notice of the '922 Patent at least as of the filing of this Complaint and has acted recklessly by continuing to make, use, import, sell, and/or offer for sale

these infringing products.  Furthermore, on information and belief, GridCo was aware of Varentec's patented technology before it began infringing the '922 Patent.  Accordingly, GridCo has willfully infringed and continues to willfully infringe the '922 Patent.

25.     On information and belief, Varentec has sustained damages as a result of GridCo's infringement of the '922 Patent, and, as such, Varentec is entitled to damages pursuant to 35 U.S.C. § 284.

26.     On information and belief, Varentec will suffer and is suffering irreparable harm from GridCo's infringement of the '922 Patent.  Varentec has no adequate remedy at law and is, under 35 U.S.C. § 283, entitled to an injunction against GridCo's continuing infringement of the '922 Patent.  Unless enjoined, GridCo will continue its infringing conduct.

## SECOND CAUSE OF ACTION

### Infringement of Patent 9,014,867

27.     Varentec incorporates and realleges Paragraphs 1 through 26 of this Complaint.

28.     Varentec owns by assignment the entire right, title, and interest in the '867 Patent (attached hereto as **Exhibit B**) and is entitled to sue for past, current and future infringement.

29.     Under 35 U.S.C. § 271(a), GridCo has infringed and continues to infringe, literally or under the doctrine of equivalents, the '867 Patent by without authority making, using, offering to sell or selling within the United States, or importing into the United States, during the term of the '867 Patent the SVC-20 products identified in this Complaint, which are covered by the claims of the '867 Patent.

30.     Under 35 U.S.C. § 271(b), GridCo has actively induced, and is actively inducing, infringement of the '867 Patent by promoting, offering and selling the SVC-20 products that GridCo knows, when used, will infringe the '867 Patent.

31. Under 35 U.S.C. § 271(c), GridCo has contributed to, and is contributing to, infringement of the '867 Patent by offering to sell or selling within the United States, or importing into the United States, the SVC-20 products constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '867 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

32. GridCo received actual notice of the '867 Patent at least as of the filing of this Complaint and has acted recklessly by continuing to make, use, import, sell, and/or offer for sale these infringing products. Furthermore, on information and belief, GridCo was aware of Varentec's patented technology before it began infringing the '867 Patent. Accordingly, GridCo has willfully infringed and continues to willfully infringe the '867 Patent.

33. On information and belief, Varentec will suffer and is suffering irreparable harm from GridCo's infringement of the '867 Patent. Varentec has no adequate remedy at law and is, under 35 U.S.C. § 283, entitled to an injunction against GridCo's continuing infringement of the '867 Patent. Unless enjoined, GridCo will continue its infringing conduct.

## DEMAND FOR JURY TRIAL

Varentec requests a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Varentec prays:

(a) For a judgment that GridCo has infringed Varentec's '922 Patent;

(b) For a judgment that GridCo has infringed Varentec's '867 Patent;

(c) For an order and judgment preliminarily and permanently enjoining GridCo and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity, active concert, or participation with any of them, and their parents, subsidiaries,

divisions, successors and assigns, who receive actual notice of the judgment by personal service or otherwise, from further acts of infringement of Varentec's Asserted Patents;

   (d) That GridCo be directed to file with this court, within thirty (30) days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which GridCo has complied with the injunction;

   (e) For a judgment awarding Varentec all damages, in an as yet undetermined amount, adequate to compensate for GridCo's infringement of Varentec's Asserted Patents, and in no event less than a reasonable royalty for GridCo's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

   (f) For a judgment awarding Varentec all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

   (g) For costs of suit and reasonable attorneys' fees; and

   (h) For any other remedy to which Varentec may be entitled under the law, and any other further relief as the Court may deem appropriate.


OF COUNSEL:

Stephen S. Korniczky
Michael Murphy
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130
(858) 720-8900

Bruce G. Chapman
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
333 S. Hope Street, 43rd Floor
Los Angeles, California 90071
(213) 620-1780

Dated:  April 1, 2016
1220265

POTTER ANDERSON & CORROON LLP

By:  */s/ Philip A. Rovner*
     Philip A. Rovner (#3215)
     David E. Moore (#3983)
     Alan R. Silverstein (#5066)
     Hercules Plaza
     P.O. Box 951
     Wilmington, DE 19899
     (302) 984-6000
     provner@potteranderson.com
     dmoore@potteranderson.com
     asilverstein@potteranderson.com

*Attorneys for Plaintiff Varentec, Inc.*